```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

```
ADEN AMMONS, JR.,                      ◊
                                       ◊
        Plaintiff,                     ◊
                                       ◊
vs.                                    ◊        No. 06-2038-B/P
                                       ◊
SMITH & NEPHEW,                        ◊
                                       ◊
        Defendant.                     ◊
                                       ◊
```

ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Aden Ammons, Jr. filed a <u>pro</u> <u>se</u> complaint pursuant to the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 12111 <u>et</u> <u>seq.</u>, on January 19, 2006, along with an application seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. On the basis of the information set forth in the plaintiff's affidavit, the motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED. The Clerk shall record the defendant as Smith & Nephew.

The Court is required to screen <u>in</u> <u>forma</u> <u>pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)   fails to state a claim on which relief may be granted; or

>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The plaintiff's complaint is subject to dismissal in its entirety.

"In order for federal courts to have subject matter jurisdiction of [employment discrimination] claims, the claimant must first unsuccessfully pursue administrative relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991); see also Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parry v. Mohawk Motors, Inc., 236 F.3d 299, 308 (6th Cir. 2000) (Title VII exhaustion requirements applicable to ADA claims). An aggrieved person in a deferral state such as Tennessee must file a formal charge of discrimination with the EEOC or the Tennessee Human Rights Commission within three hundred days of the allegedly discriminatory action. 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims); 42 U.S.C. § 2000e-5(e)(1).[1]

The Supreme Court has held that the limitations period for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." Zipes, 455 U.S. at 393.[2] However, equitable tolling is rarely appropriate:

>   This circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly. . . . In

---

[1] The Supreme Court held in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002), that "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."

[2] That analysis has also been applied to the ninety-day period commencing with receipt of the right to sue letter. Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 354 (1983).

>determining whether the equitable tolling of the EEOC filing period is appropriate in a given case, we have consistently taken into consideration the following five factors:
>
>>1)  lack of notice of the filing requirement;
>>
>>2)  lack of constructive knowledge of the filing requirement;
>>
>>3)  diligence in pursuing one's rights;
>>
>>4)  absence of prejudice to the defendant; and
>>
>>5)  the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.
>
>. . . [T]he five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. . . . The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis.

Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citations omitted); see Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998) (applying identical analysis to ninety-day limitations period after receipt of right-to-sue notice).

Applying these standards, the Sixth Circuit has consistently rejected the most common arguments made by plaintiffs in favor of equitable tolling. Thus, for example, claims that a pro se plaintiff was ignorant of the legal requirements or incorrectly calculated the applicable time periods are insufficient to justifying tolling:

>Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling). Finally, the absence of prejudice to the defendant, standing alone, is insufficient to justify equitable tolling in the absence of an "independent basis for invoking the doctrine." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984) (per curiam).

The complaint in this case is not timely. The complaint alleges that the plaintiff was discriminated against on January 25, 2005 and filed a charge of discrimination with the EEOC on January 19, 2006, three hundred fifty-nine (359) days after the allegedly discriminatory action. The complaint contains no explanation for the late filing and, therefore, provides no basis for application of equitable tolling. Although it appears that the plaintiff

assumes, incorrectly, that the applicable statute of limitations is one year from the date of the discriminatory action, the plaintiff's ignorance of the law provides no basis for equitable tolling.[3]

Accordingly, the Court DISMISSES the case, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The Court must also consider whether plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party

---

[3] It is also questionable whether the plaintiff has properly exhausted his claim. "An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies." Parry, 236 F.3d at 309 (citing 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a)). The complaint alleges that the plaintiff filed a charge of discrimination with the EEOC on January 19, 2006, the day on which this civil action was commenced, and he has attached a copy of that charge to his complaint. Although the complaint asserts that the plaintiff received a right to sue letter on January 19, 2006, he has not attached a copy of that letter to the complaint. It is unnecessary further to explore this issue, however, in light of the clear untimeliness of the action.

may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendant, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if plaintiff files a notice of appeal, he must pay the $255 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 3rd day of February, 2006.

                                                                                  _____
                                                                                  s/J. DANIEL BREEN
                                                                                  UNITED STATES DISTRICT JUDGE